# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Jesus Saenz-Perez, | No. CV-26-02399-PHX-KML (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging her immigration detention.[1] Petitioner is a citizen of Venezuela who applied for admission into the United States at a port of entry on March 3, 2024, and was released on her own recognizance the following day. (*Id.* ¶¶ 15-16.)  Petitioner was redetained on March 9, 2026 when she appeared at USCIS to provide biometric information in support of her application for asylum. (*Id.* ¶ 22.)

The Court ordered Respondents to show cause why the Petition should not be granted and cited a series of cases concluding individuals in Petitioner's circumstances are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  (Doc. 7 at 2.)

Respondents responded to the OSC, stating:

> Although Petitioner is an arriving alien, having applied at the Port of Entry, and subject to 8 USC § 1225, Respondents acknowledge that Petitioner

---

[1] Petitioner indicates she is a transgender woman and uses feminine pronouns when referring to herself.

received a custody redetermination document that indicated she was being released under the provisions of 8 USC § 1226. Because of this discrepancy, it appears that Petitioner would be found eligible for a bond hearing by an Immigration Judge.

(Doc. 10.) But Respondents failed to respond to the issues raised in the Order to Show Cause or Petitioner's argument that she was entitled to a pre-deprivation hearing before being redetained following her release on her own recognizance. In so doing, Respondents have waived any challenge to Petitioner's due process claim that she was entitled to a pre-deprivation hearing before being redetained. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before her redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 21st day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 2 -